Peter Hardin (SBN 295741)
Peter Hardin Law APC
100 Bayview Circle # 210
Newport Beach, CA 92660
(949)940-6935

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>PLAINTIFF<br><br>v.<br><br>Samir Ousman Alsheikh<br><br>DEFENDANT. | CASE NUMBER<br><br>2:24-CR-00483-HDV<br><br>**APPLICATION FOR REVIEW/RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE/DETENTION**<br>**(18 U.S.C. §3142) AND REQUEST FOR HEARING** |
|---|---|

Application is made by ☐ plaintiff ☑ defendant Samir Ousman Alsheikh
that a hearing be held to review /reconsider the decision of

☐ United States District Judge _____ by order dated: _____

☑ Magistrate Judge Patricia Donahue _____ by order dated: 7/12/2024

    ☑ denying release and imposing detention under subsection ☐ (d) or ☑ (e) of Title 18 U.S.C. §3142; or
    ☐ ordering release upon certain conditions, or
    ☐ denying detention.

This application is made ☑ pre-sentence ☐ post-sentence based on the following facts not previously considered by said judicial officer or changed circumstances as follows:
Please see attached.

Relief sought *(be specific)*:
Order for release upon certain conditions, including posting of a bond, the deeding of real property, and/or unsecured affidavits of surety, location monitoring, and a no contact order.

Counsel for the defendant and plaintiff United States Government consulted on 8/12/2024
and opposing counsel declines to stipulate to an order providing the relief sought.

☑ Telephonic notice given to ☑ AUSA ☐ Defendant's Counsel ☐ PSA ☐ Interpreter ☐ USM ☐ Probation
on 8/21/2024.

An interpreter is ☑ required ☐ not required. Language Arabic
Defendant is ☑ in custody ☐ not in custody.

| 8/21/2024 | /s/ Peter Hardin, counsel for Samir Alsheikh |
|---|---|
| Date | Moving Party |

---

**APPLICATION FOR REVIEW/RECONSIDERATION OF ORDER SETTING CONDITIONS OF**
**RELEASE/DETENTION, (18 U.S.C. §3142) AND REQUEST FOR HEARING**
CR-88 (06/07)

Peter Hardin Law APC
Peter Hardin (SBN 295741)
100 Bayview Circle #210
Newport Beach, CA 92660
Telephone: (949) 940-6935
peter@hardindefense.com

Counsel for Samir Ousman Alsheikh

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMIR OUSMAN ALSHEIKH,<br><br>Defendant. | CASE NO. 24-CR-00483-HDV<br><br>**MEMORANDUM IN SUPPORT OF APPLICATION FOR RECONSIDERATION OF DETENTION ORDER** |

Samir Alsheikh, through his counsel of record, hereby files this Memorandum of Support of his Application for Reconsideration of the July 12, 2024 detention order.

Dated: August 21, 2024         Respectfully submitted,

             /s/ Peter Hardin
            Peter Hardin

            Counsel for Samir Ousman Alsheikh

# MEMORANDUM

## I. INTRODUCTION

Samir Alsheikh is charged with fraud and misuse of visas, in violation of 18 U.S.C. § 1546(a) and attempted unlawful procurement of naturalization in violation of 18 U.S.C. § 1425(a). Neither of these are crimes of violence, nor are they related to flight. Over the past several years, Mr. Alsheikh has split his time between visiting his three of his children, who live in South Carolina and California, and his fourth child, who lives in Damascus, Syria.

While in the U.S., Mr. Alsheikh usually stays with his daughter and son-in-law in Long Beach. They have given him two grandchildren, on whom he dotes. Mr. Alsheikh's family, who are fully aware of his background and the charges he faces, wholeheartedly support him. Five of them are willing to put their life savings and property on the line as sureties to secure his pretrial release. Their willingness to support Mr. Alsheikh, coupled with appropriate conditions fashioned by the Court, demonstrate that his appearance can be assured and any danger to the community can be minimized. Furthermore, Mr. Alsheikh is dealing with serious medical issues for which he is not receiving adequate treatment in detention. Finally, the circumstances surrounding Mr. Alsheikh's apprehension which the government found suspicious and indicative of potential future flight all have reasonable, innocent explanations. For all these reasons, the Court should release Mr. Alsheikh on bond.

## II. PROCEDURAL HISTORY

On July 12, 2024, Mr. Alsheikh made his initial appearance in front of the Honorable Patricia Donahue on a complaint alleging a violation of 18 U.S.C. § 1425, attempted naturalization fraud. Although pretrial services recommended release on bond, after a brief detention hearing where no potential sureties were

put forth, the Court ordered that Mr. Alsheikh be detained pending trial. Dkt. No. 15.

The grand jury indicted Mr. Alsheikh on August 8, 2024. Dkt. No. 24. The grand jury did not indict him for the possession or receipt of any silencers. *Id.*

### III. ADDITIONAL SURETIES

Since Mr. Alsheikh's initial appearance, five members of his family have come forward to serve as sureties by signing bonds backed by liquid assets and being willing to post equity in real property. The total amount offered by these sureties approaches $2,500,000. These individuals know Mr. Alsheikh well, are familiar with his history, and are unflagging in their support – so much that they are willing to back their faith in Mr. Alsheikh with their life savings and property. These sureties include:

- Sara Al Chikh and her husband – Sara Al Chikh is Mr. Alsheikh's daughter. She and her husband are willing to sign a $1.3 million bond backed by liquid assets they own in investment accounts. They are also willing to deed $170,000 in equity in a property they own.

- Sali Al Chikh and her husband – Sali Al Chikh is Mr. Alsheikh's daughter. She and her husband are willing to sign a bond in the amount of $700,000 backed by liquid assets they own in investment accounts. They are also willing to deed $146,000 in equity in real property they own.

- Rami Al Cheikh – Mr. Al Chikh is Mr. Alsheikh's son. He is willing to deed $170,000 in equity in two properties. He is also willing to sign a bond in the amount of $15,000 backed by liquid assets he owns in an investment account.

All of the proposed sureties have been advised of the responsibility that comes with being a surety, and the reality that the government could and would seek to collect on these obligations should Mr. Alsheikh violate the terms of any

3

MEMORANDUM ISO APPLICATION FOR RECONSIDERATION
OF DETENTION ORDER

bond. Their belief in Mr. Alsheikh is such that they are willing to back their beliefs with collateral. They have proof of all the aforementioned liquid assets and equity in real property, which they will happily provide to the court, though they request that it not become part of the public record in this case. The proffered sureties, coupled with reasonable restrictions imposed by the Court, include house arrest, daily check-ins, and location monitoring, provide reasonable assurance that Mr. Alsheikh will appear and will not present a danger to the community.

## IV.   HEALTH CONCERNS REQUIRING TREATMENT

Since Mr. Alsheikh's initial appearance, his family has been able to assemble his medical records, which paint a picture of an elderly man in chronic pain and who needs ongoing treatment to deal with mobility issues and to monitor serious medical conditions. Despite his and his counsel's best efforts, Mr. Alsheikh is not receiving adequate care in custody. Here is a summary of a few of the health issues with which Mr. Alsheikh struggles:

- X-rays of Mr. Alsheikh's back show spinal subluxations and degenerative arthritis in his lumbar spine creating dysfunction and pain in his low back. His chiropractic doctor recommended that he be treated 2-3 times per week, and that in his current condition, it is evident that he is unable to stand for long periods of time or walk long distances.
- In December of 2023, Mr. Alsheikh was diagnosed with Leukoplakia, a condition that causes discolored patches to appear inside of his mouth and throat and that carries with it a heightened risk of oral cancer. His doctor recommended that he be re-evaluated and screened every six months.
- In March of 2023, Mr. Alsheikh reported significant pain in his abdomen and received an ultrasound, which revealed cysts in each of his kidneys as well as borderline fatty liver disease. His doctors recommended that he be re-evaluated and screened every six months.

Mr. Alsheikh should not be sentenced to pain and great medical risk, especially pre-trial. He should be released on bond with restrictions and allowed to receive the care he needs from Long Beach Memorial, where he has received much of his medical attention, and other local medical practitioners. Mr. Alsheik's family will gladly provide the Court with his medical records, which confirm the aforementioned conditions.

## V.    CONCERNS REGARDING ONE-WAY FLIGHT AND CASH

At Mr. Alsheikh's initial appearance, the government made much of the fact that Mr. Alsheikh was apprehended at Los Angeles International Airport traveling to Lebanon on a one way ticket with six thousand dollars in cash, factors which appear to have swayed Judge Donahue's decision to detain him. What Mr. Alsheikh's family did not have the chance to assert is that Mr. Alsheikh has *always* traveled to and from Damascus on one way tickets. His family can show proof of this history of his travel. Because there are no longer direct flights in and out of Damascus, he flies into neighboring Lebanon and obtains overland transport from there to his home. This is the same way everyone else traveling in and out of Syria travels – there is no other way to get into and out of the country. Furthermore, Mr. Alsheikh *always* carries cash on his return home. Due to runaway inflation in Syria, his government pension is a pittance. His children give him cash on which to live because there is no reliable banking in Syria, and one cannot wire or otherwise electronically transfer money into or out of the country. Finally, although the government made it sound like Mr. Alsheikh was fleeing the U.S., the truth is that his daughter had booked his flight at least two weeks before. The government knew where Mr. Alsheikh was staying and could have arrested him at any time prior to his trip home.

5

MEMORANDUM ISO APPLICATION FOR RECONSIDERATION
OF DETENTION ORDER

## IV. CONCLUSION

For all the reasons set forth above, Mr. Alsheikh respectfully requests the Court (1) grant a hearing to allow new counsel to address the changed circumstances in this matter; and (2) grant Mr. Alsheikh bond during the pendency of this case.