E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JOSHUA O. MAUSNER (Cal. Bar No. 260251)
Assistant United States Attorneys
Chief, Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0619
    Facsimile: (213) 894-3713
    E-mail:    joshua.mausner@usdoj.gov

NICOLE M. ARGENTIERI
Principal Deputy Assistant Attorney General
Head of the Criminal Division
PATRICK JASPERSE (D.C. Bar No. 986804)
ALEXANDRA SKINNION (Penn. Bar No. 327795)
Trial Attorneys
U.S. Department of Justice, Criminal Division
Human Rights and Special Prosecutions Section
    1301 New York Avenue, NW
    Washington, D.C. 20530
    Telephone: (202) 616-8917 / 9371
    Email:    patrick.jasperse@usdoj.gov
              alexandra.skinnion@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 24-00483-HDV |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR RECONSIDERATION OF PRETRIAL DETENTION ORDER |
| v. | |
| SAMIR OUSMAN ALSHEIKH, | Hearing Date: August 30, 2024 |
| Defendant. | Hearing Time: 11:00 a.m. |

    Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorney Joshua O. Mausner,

1   hereby files its Opposition to Defendant's Request for

2   Reconsideration of Pretrial Detention (Dkt. 30).

3        This opposition is based upon the attached memorandum of points

4   and authorities and exhibits attached thereto, the files and records

5   in this case, and such further evidence and argument as the Court may

6   permit.

7

8    Dated: August 29, 2024          Respectfully submitted,

9                                    E. MARTIN ESTRADA
                                     United States Attorney
10
                                     MACK E. JENKINS
11                                   Assistant United States Attorney
                                     Chief, Criminal Division
12

13                                    /s/
                                     _____
                                     JOSHUA O. MAUSNER
14                                   Assistant United States Attorney

15                                   NICOLE M. ARGENTIERI
                                     Principal Deputy Assistant Attorney
16                                   General
                                     Head of the Criminal Division
17
                                     PATRICK JASPERSE
18                                   ALEXANDRA SKINNION
                                     Trial Attorneys
19                                   U.S. Department of Justice, Criminal
                                     Division
20                                   Human Rights and Special
                                     Prosecutions Section
21

22                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
23

24

25

26

27

28

                                    2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND

On August 8, 2024, a grand jury returned an Indictment charging defendant Samir Ousman Alsheikh ("defendant") with visa fraud, in violation of 18 U.S.C. § 1546(a), and attempted naturalization fraud, in violation of 18 U.S.C. § 1425(a).  In essence, defendant is charged with entering the United States on a visa, and attempting to become a naturalized United States citizen, by lying to immigration authorities about his past as a high-level government official in Bashar al-Assad's totalitarian Syrian regime.

Prior to his indictment, on July 10, 2024, defendant was arrested on a criminal complaint charging him with attempted naturalization fraud, in violation of 18 U.S.C. § 1425.  He was arrested at Los Angeles International Airport prior to departing on a one-way flight to the Middle East.

On July 12, 2024, this Court found defendant to be both a significant risk of nonappearance and a danger to the community, and ordered defendant detained pending trial.  (Dkts. 10,15.)  Included in this Court's order of detention were findings that defendant was a significant flight risk given his history of fraud as alleged in the indictment, his significant and high-level ties to Syria, the significant prison sentence and removal from the United States defendant faces if convicted, and the lack of extradition or any mechanism for defendant's return if he flees to Syria.  The Court also found that defendant's history of violence, as alleged in the Indictment, also rendered defendant a danger, particularly to potential victims and witnesses in this case.  Accordingly, the Court

ordered defendant detained as both a risk of nonappearance and a danger.

On August 22, 2024, defendant filed an application for review/reconsideration of the order of detention.  (Dkt. 20.) Defendant requests release on two bases: (1) defendant's family members offered as bond sureties, and (2) defendant's claimed health concerns.  Neither of defendant's arguments warrant reconsideration of this Court's prior detention order.  Defendant remains a significant flight risk and danger, and should remain detained pending trial.

## II.  ARGUMENT

### A.  Applicable Law

The Bail Reform Act of 1984 authorizes pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  In other words, detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both.  United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).  A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence.  Motamedi, 767 F.2d at 1406.

### B.  Defendant Remains A Significant Flight Risk

The facts and circumstances underlying this Court's prior finding that defendant is a significant flight risk remain unchanged by defendant's reconsideration request.  Defendant is a Syrian

2

national who served in high-level government positions in the Assad regime, including as an officer in the Syrian police and intelligence services, as warden at the Damascus Central Prison (known as the "Adra Prison"), and as Governor of the Deir-Ez-Zour region of Syria, a position he was personally appointed to by Bashar al-Assad.  He had, and continues to have, high-level ties to the Assad regime in Syria.[1]  As this Court previously found, the fact that Syria is one of only four countries designated by the United States as a state-sponsor of terrorism, with which there are no diplomatic relations, means there is no possibility of extradition nor any other mechanism for defendant's return if he were to flee home to Syria.

Further, as this Court previously found, defendant has strong incentive to flee given the significant sentence he faces if convicted.  In addition to incentive, defendant has the means to flee as well.  As noted in defendant's reconsideration request, defendant "*always* traveled to and from Damascus on one way tickets" and "*always* carries cash on his return home."  (Dkt. 30 at 5 (emphasis in original).)  Defendant travels often to Syria, where he owns land and other property, and does so with cash.  His extensive travel to Syria and the ease at which he could flee, combined with his high-level contacts in the Syrian regime and his clear incentive to flee home to Syria to escape the pending charges here, make him a clear and significant risk of nonappearance.

---

[1] In fact, since defendant's initial detention hearing and as this investigation continues, investigators have discovered what appears to be further evidence on defendant's phone, which was seized upon his arrest and is being searched pursuant to a federal search warrant, of additional connections with current, high-level Syrian government officials.

3

Defendant's offer of bond resources does nothing to mitigate the incentive to flee and, more importantly, the fact that there is no extradition or any other mechanism for defendant's return from Syria. While the government may be able to recover any bond resources put up by his family, that is cold comfort and not an adequate substitute for defendant's presence to face the charges in this case.

Defendant has not provided new facts or information to mitigate these concerns, nor to disrupt this Court's prior finding that defendant is a significant flight risk. He should continue to be detained pretrial on this basis alone.

## C. Defendant Remains A Danger

Similarly, defendant has provided no new information or changed circumstances to disrupt this Court's prior finding of detention on the basis of danger. Any proposed bond offered by defendant or his family has no bearing on the danger element, which itself is an independent basis for detention. As this Court previously found, the allegations in the Indictment show a history of violence and defendant's association with a violent and repressive regime. This Court's prior findings related to danger, including potential danger to witnesses and victims, are unchanged. Accordingly, defendant should remain detained on the basis of danger as well.

## D. Defendant's Health Concerns Do Not Warrant Release

Lastly, defendant argues for release from pretrial detention on the basis of claimed medical concerns, including chronic back pain and two other conditions that require reevaluation and screening "every six months" (Dkt. 30 at 4.) These health concerns do not mitigate defendant's risk of nonappearance nor danger, and are not a basis for release from pretrial detention. The Los Angeles

4

Metropolitan Detention Center ("MDC"), where defendant is being held pretrial, is equipped with medical professionals and facilities to address these potential health concerns.  In the event defendant is not receiving any required medical care, or requires specialty medical care outside of MDC, this can be addressed within the broader Bureau of Prisons or through other means, including court order, as necessary.  These concerns do not mitigate the risk of nonappearance and danger prevalent here, and therefore do not warrant release from pretrial custody.

### D.    CONCLUSION

Based on the above, the government continues to insist that defendant's pretrial release would pose a substantial risk of non-appearance and danger to the community.  This Court previously and correctly ordered defendant detained both on the basis of significant risk of nonappearance and danger.  Defendant has provided no new facts or circumstances for reconsidering this Court's prior findings, and defendant should remain detained pending trial.