| | |
|---|---|
| Name | NINA MARINO (STATE BAR NO. 142815) |
| Address | 1546 N. FAIRFAX AVE |
| City, State, Zip | LOS ANGELES, CA 90046 |
| Phone | 310-557-0007 |
| Fax | 310-861-1776 |
| E-Mail | MARINO@KAPLANMARINO.COM |

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | 24-CR-00483-HDV |
| v. | |
| SAMIR OUSMAN ALSHEIKH | **NOTICE OF APPEAL** |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that  **SAMIR OUSMAN ALSHEIKH**  hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

**Civil Matter**

☐ Order (specify):

☐ Judgment (specify):

☐ Other (specify):

☒ Bail status:
   Denial of Motion for Reconsideration of
   Detention Order.

Imposed or Filed on  April 21, 2025 . Entered on the docket in this action on  April 21, 2025 (Dkt. 65) .

A copy of said judgment or order is attached hereto.

05/15/2025                                 *Nina Marino*
Date                                       Signature
                                           ☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

| Case No. | CR 24-00483-HDV-1 | Date | April 21, 2025 |
|---|---|---|---|

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|
| Interpreter | Not Applicable |
| Probation Officer | Not Applicable |

| Wendy Hernandez | Not Reported | Joshua Mausner, Patrick Jasperse |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| SAMIR OUSMAN ALSHEIKH | N/A | X | | Nina Marino, Jennifer Leiser | N/A | | X |

**Proceedings:** (In Chambers) Order Re: Motion for Reconsideration of the Court's Order Denying Defendant's Application for Review/Reconsideration of the Magistrate Judge's Order Setting Conditions of Release/Detention [56, 58]

Before the Court is Defendant's application for reconsideration of the Magistrate Judge's detention order. For the reasons discussed below, the application is ***denied***.

## I. BACKGROUND

On July 12, 2024, Magistrate Judge Patricia Donahue issued an Order of Detention against Defendant Samir Ousman Alsheikh ("Detention Order") [Dkt. No. 15]. The United States ("Government") subsequently filed an Indictment against Defendant on August 8, 2024, with the charges of Fraud and Misuse of Visas (18 U.S.C. § 1546(a)) and Attempted Unlawful Procurement of Naturalization (18 U.S.C. § 1425(a)) [Dkt. No. 24].

On August 22, 2024, Defendant filed a Request for Review/Reconsideration of the Detention Order [Dkt. Nos. 30, 31]. The Court held a hearing on Defendant's Application for Review/Reconsideration of the Detention Order ("Application") and—after considering the arguments presented—denied the Application [Dkt. No. 35].

The Government filed a First Superseding Indictment on December 12, 2024, adding the charges of Conspiracy to Commit Torture (18 U.S.C. § 2340A(c)) and Torture (18 U.S.C. § 2340A(a)) [Dkt. No. 48]. On March 4, 2025, Defendant filed a redacted application asking for reconsideration by this Court of the previous detention order. Application for Reconsideration and Memorandum in Support of Reconsideration of the Detention Order ("Motion") [Dkt. No. 56][1]. The Government filed its opposition

---

[1] Defendant also filed under seal an unredacted version of the application with accompanying exhibits. Notice of Lodging [Dkt. No. 57].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

("Opposition") on March 20, 2025, and Defendant promptly filed his reply ("Reply") on March 27, 2025 [Dkt. Nos. 62, 63]. The Court held a hearing on the Motion and took it under submission on April 3, 2025 [Dkt. No. 64].

## II.     LEGAL STANDARD

Motions for reconsideration may be filed in criminal cases and are governed by Federal Rule of Civil Procedure 59. *See U.S. v. Martin*, 226 F.3d 1042, 1047 n. 6, 7 (9th Cir. 2000). Rule 59(e) allows a party to file a motion to alter or amend a judgment within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Granting a Rule 59(e) motion for reconsideration is "extraordinary" relief and should be done "sparingly" in "highly unusual circumstances," such as when a court (a) "is presented with newly discovered evidence," (b) "committed clear error," or (c) "there is an intervening change in the controlling law." *Kona Enterprises, Inc., v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000).

Reconsideration of a defendant's detention order may be granted only on new information or a change in circumstances "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

The Ninth Circuit applies a two-pronged approach to bail reconsideration motions based on changed circumstances: (1) whether there is new material information, or a material change of circumstances; and (2) whether that new material information or change of circumstances has a significant bearing on whether there are conditions of release that will reasonably assure a defendant's appearance in court and the safety of the community. *United States v. Villegas*, 587 F. Supp. 3d 1010, 1012 (9th Cir. 2020). If the answer to either is no, the reconsideration motion should be denied.

Under the Bail Reform Act of 1984, pretrial detention of a defendant without bail is permitted where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

Pretrial detention of a defendant is permitted without bail "where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety or another person or the community." *United States v. Motademi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government must establish a risk of flight by a preponderance of the evidence or a danger to the community by clear and convincing evidence. *Id.* at 1406–1407. The Government need only prove one, not both.

If the charges against defendant fall into a statutorily enumerated category, there is a presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *See* 18 U.S.C. § 3142(e). Defendants must then produce evidence to rebut the presumption of detention. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Upon a defendant's production of evidence, the presumption for detention becomes a factor that the Court must consider, including four additional, non-exhaustive factors: (a) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (b) the weight of the evidence against the person; (c) the history and characteristics of the person, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

the person's character, physical and mental condition, family and communities ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (d) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Id.*

### III.     DISCUSSION

Defendant first argues that the dissolution of the Syrian regime qualifies as new material information or a change in circumstances supporting a motion for reconsideration. Motion at 4. Given the centrality of the Syrian regime to the prior decisions on detention, the Court finds that the first prong of the *Villegas* test is satisfied.

The second prong of this test, however, requires the Court to determine whether the new material information or change of circumstances has a significant bearing on the Court's analysis of whether there are conditions of release that will reasonably assure a defendant's appearance in court and the safety of the community. Defendant contends that the change in regime vitiates any argument that Defendant will not appear for trial because the predicate for this risk—*i.e.*, the assumption that Defendant will flee to Syria—is now made impossible by a current government unsympathetic to Defendant. On the substantive Section 3142 argument, Defendant further maintains that the risk of flight is completely addressed through the significant sureties offered by his family, Motion at 7–10, and that the "safety of the community" concerns are ameliorated by the fact that the alleged crimes happened long ago. Stated differently, Defendant contends that he is able to rebut the presumption of detention by producing evidence of his family's trust in him and his disconnect from the alleged torture, as well as his ailing health and his spotless criminal record in the U.S. Motion at 4–15.

The Court disagrees. On this record, the Court finds that the United States has provided evidence to show that Defendant is both a risk of flight (by preponderance of the evidence) and a potential danger to the community (by clear and convincing evidence). While the dissolution of the Syrian regime does somewhat mitigate Defendant's potential risk of flight, it does not eliminate it. Defendant could still go back to Syria, where he has a home and family, including a child and grandchildren. *See* Memo, Ex. A Transcript of Defendant's Application ("Transcript") at 22:21–23 [Dkt. No. 56-1]. And if Defendant is afraid of retribution by the rebel forces, he could go to a different country that is friendly to the former regime, *e.g.*, Russia, where some former regime leaders reportedly fled. *See* Aude Van Hove and Joe Stanley-Smith, *Syrian leader Assad steps down and flees to Russia*, Politico (Dec. 8, 2024, 2:28 PM CET), https://www.politico.eu/article/bashar-assad-fled-syria-as-rebels-stormed-damascus-russia-says/. The Court does not take lightly the significant sureties offered by Defendant's family, including their life savings, retirement accounts, real property, and funds set aside for their children's education. Motion at 14–15; Notice of Lodging, Exs. B–G. Indeed, Judge Donahue thoroughly considered this support, yet ultimately rejected reconsideration. Transcript at 39:1–9 ("I have given this a considerable amount of thought…[y]our arguments are well taken, and the Defendant has considerable family support and considerable bail resources. However, looking at all of the factors in 18 U.S.C. Section 3553, it is on this record clear that he presents a significant risk."). While the fall of the regime impacts his ties to current leadership, he could still leverage those contacts to go elsewhere

and, in any event, those connections are but one consideration in the flight risk analysis.  Transcript at 39: 10–18.

Furthermore, the charges against Defendant are serious crimes of torture, evincing a danger to the community and to the witnesses that spoke out against him publicly.  Defendant argued at the hearing that the government's witnesses are "activist witnesses" that spoke out publicly, and therefore are not afraid of Defendant or potential retaliation.  But it remains much more plausible that these witnesses likely only felt comfortable coming forward publicly *because* Defendant is in custody.  And while Defendant argues that the horrific allegations alleged occurred in a distant land a long time ago (timing the Government contests) to a community of non-U.S. citizens, the Court is not limited to assessing danger based only on harm committed in the U.S. to U.S. citizens.  *See Hir*, 517 F.3d at 1088–1089 ("Because the district court has the authority to try [defendant] under American law for a crime that allegedly resulted in grave harm to residents of the Philippines, we find no justification for preventing it from considering the continuing threat that [defendant] would pose to that community if he were released pending trial.").

In summary, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."

Defendant's Motion is denied.[2]

**IT IS SO ORDERED.**

**cc: USPO**

---

[2] The Court emphasizes that it takes Defendant's medical ailments seriously and any neglect of his needs in custody should be discouraged.  Judge Donahue ordered that Defendant be given a medical examination and medical treatment after denial of his first application for review [Dkt. No. 36].