TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
JOSHUA O. MAUSNER (Cal. Bar No. 260251)
Assistant United States Attorney
Chief, Violent and Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0619
     Facsimile: (213) 894-3713
     E-mail:    joshua.mausner@usdoj.gov

A. TYSEN DUVA
Assistant Attorney General
Criminal Division
PATRICK JASPERSE (D.C. Bar No. 986804)
ALEXANDRA SKINNION (Penn. Bar No. 327795)
Trial Attorneys
U.S. Department of Justice
Criminal Division
Human Rights and Special Prosecutions Section
     1301 New York Avenue, NW
     Washington, DC 20503
     Telephone: (202) 616-8917; (202) 307-6641
     Email: patrick.jasperse@usdoj.gov; alexandra.skinnion@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 24-00483(A)-HDV |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER ALLOWING DISCLOSURE OF GRAND JURY TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AUSA JOSHUA O. MAUSNER |
| v. | |
| SAMIR OUSMAN ALSHEIKH, | |
| Defendant. | |
| | Trial Date:   March 2, 2026 |

1    Plaintiff, United States of America, by and through its counsel
2 of record, the Deputy Attorney General and First Assistant United
3 States Attorney for the Central District of California, hereby
4 applies ex parte for an order pursuant to Rule 6(e)(3)(E)(i) of the
5 Federal Rules of Criminal Procedure, authorizing the government to
6 provide defendant's counsel of record with a copy of the grand jury
7 testimony of a witness who may testify at trial.
8    The government makes this application because of defendant's
9 need to prepare his case and the disclosure requirements of the
10 Jencks Act, 18 U.S.C. § 3500.  This application is based on the
11 attached Memorandum of Points and Authorities and Declaration of
12 Joshua O. Mausner, the files and records of this case, and such
13 //
14 //

further evidence and argument as may be presented at any hearing on this application.

Dated: January 20, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

 /s/
JOSHUA O. MAUSNER
Assistant United States Attorney

A. TYSEN DUVA
Assistant Attorney General Criminal Division

PATRICK JASPERSE
ALEXANDRA SKINNION
Trial Attorneys
U.S. Department of Justice
Criminal Division
Human Rights and Special Prosecutions Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B).  Rule 6(e)(3)(E) provides in relevant part: "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ."  Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript.  United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988).  The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted).  The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble and

Douglas Oil Co. of Calif. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979), for the same proposition).  In United States Indus., Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration." 345 F.2d 18, 21 (9th Cir. 1965).  The court held: "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need."  Id.

In this instance, the policy considerations requiring secrecy are inapplicable with respect to those witnesses who will testify at trial because the case has been indicted.  See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). Moreover, disclosure of the grand jury testimony to defense counsel, who has requested such disclosure, would be in the interest of justice and allow defense counsel material necessary to the defense in advance of trial.

For the foregoing reasons, the government respectfully requests that this Court issue an order authorizing the government to provide defense counsel with a copy of the grand jury testimony of a witness who may testify at trial.

**DECLARATION OF JOSHUA O. MAUSNER**

I, Joshua O. Mausner, declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California and am one of the attorneys assigned to the prosecution of United States v. Samir Ousman Alsheikh, CR No. 24-00483(A)-HDV. I make this declaration in support of the government's ex parte application for an order permitting disclosure of a grand jury transcript.

2. Defense counsel has requested the transcript of testimony a witness provided before the grand jury. Because that witness may testify at trial, such testimony could constitute a statement under the Jencks Act, 18 U.S.C. § 3500, which the government intends, by this ex parte application, to provide to the defendant.

3. On or about January 15, 2026, I contacted defense counsel, Nina Marino and Jennifer Lieser, and informed them that the government would be filing the present ex parte application and asked for their position on the ex parte nature of the application. Defense counsel informed me that they do not oppose the application or the ex parte nature of the application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on January 20, 2026.

*/s/ Joshua O. Mausner*

Joshua O. Mausner