NINA MARINO, ESQ. (State Bar No. 142815)
JENNIFER LIESER, ESQ. (State Bar No. 313707)
MORIAH RADIN, ESQ. (State Bar No. 260245)
COLLIN CATE, ESQ. (State Bar No. 365876)
KAPLAN MARINO, PC
1546 N. Fairfax Ave.
Los Angeles, CA 90046
Tel: (310) 557-0007
Fax: (310) 861-1776
E-mail: marino@kaplanmarino.com
        lieser@kaplanmarino.com
        radin@kaplanmarino.com
        cate@kaplanmarino.com

Attorneys for Defendant
SAMIR OUSMAN ALSHEIKH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMIR OUSMAN ALSHEIKH<br><br>Defendant. | Case No. 24-CR-00483-HDV<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AUTHORIZING PSEUDONYMOUS TESTIMONY, RESTRICTED DISCLOSURE, AND LIMITED COURTROOM CLOSURE; DECLARATION OF MORIAH RADIN**<br><br>Honorable Hernan D. Vera<br><br>Hearing Date: February 19, 2026<br>Trial Date: March 2, 2026 |

1    PLEASE TAKE NOTICE that on February 19, 2026 or as soon thereafter as
2 the matter may be heard in the above-referenced court, Defendant Samir Ousman
3 Alsheikh, by and through undersigned counsel, will and hereby does move this Court
4 for an Order under Federal Rule of Criminal Procedure 16(d)(1) authorizing
5 pseudonymous testimony and restricted disclosure of identities of certain witnesses
6 as set forth below.
7    This Motion is based on Mr. Alsheikh's rights and privileges under the Fifth
8 and Sixth Amendments to the Constitution, Federal Rule of Criminal Procedure
9 16(d)(1), the Memorandum of Points and Authorities, the pleadings and papers on
10 file, and any oral argument permitted by the Court.

12 Dated: January 22, 2026                    Respectfully submitted,

14                                            By: *Nina Marino*
                                                   NINA MARINO
15                                                 JENNIFER LIESER
16                                                 MORIAH RADIN
                                                   COLLIN CATE
17                                                 Attorneys for Defendant
18                                                 Samir Ousman Alsheikh

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant Samir Ousman Alsheikh moves for an Order under Federal Rule of Criminal Procedure 16(d)(1) authorizing pseudonymous testimony and restricted disclosure of identities for three defense witnesses (███████████████). Good cause exists for this request because these witnesses will provide critical exculpatory testimony, but doing so publicly will expose them to credible risks of retaliation and persecution from affiliates of both the former Assad regime and the new Syrian government.

Mr. Alsheikh's right to present a complete defense under the Fifth and Sixth Amendments will be irreparably denied if he is deprived of this exculpatory testimony. Absent the protections requested herein, the witnesses will not testify due to serious safety considerations. Mr. Alsheikh cannot compel the witnesses to testify because they are outside the United States and therefore requires Court intervention to preserve his right to present a complete defense.

Rule 16(d)(1) permits pseudonymous testimony with restricted disclosure of witness identity upon a showing of good cause. Because credible, non-speculative threats of retaliation and violence against these defense witnesses exist █████ ██████, good cause is present. Permitting pseudonymous testimony in a closed court setting with disclosure of witness-identifying information limited to the Court and government is necessary to allow witnesses to testify without fear for their safety and preserve Mr. Alsheikh's Fifth and Sixth Amendment rights.

Defense counsel's proposed protective measures are narrowly tailored and include a closed courtroom, disclosure of true identities to the Court and government exclusively, and witness testimony under court-approved pseudonyms.

## II.  RELEVANT BACKGROUND

Mr. Alsheikh is charged in the First Superseding Indictment ("FSI") with violations of 18 U.S.C. §§ 2340(a) (Torture), 2340(c) (Conspiracy to Commit

1

1   Torture), 1546(a) (Fraud and Misuse of Visas), and 1425(a) (Attempted Unlawful
2   Procurement of Naturalization). If convicted, he faces life in prison.
3       The FSI alleges that between 2005 and 2008, Mr. Alsheikh, while serving as the
4   director of Adra Central Prison in Damascus, Syria ("Adra"), ordered and
5   participated in the torture of inmates - particularly political prisoners - and oversaw
6   the physical mistreatment of prisoners. These allegations are based exclusively on
7   the statements from approximately nine, out of tens of thousands, former inmates
8   detained at Adra during the relevant time-period. The government further alleges
9   that Mr. Alsheikh lied about these events to obtain lawful immigration status in the
10  United States.
11      The defense has identified ███████████
12  ████████████████████████████████
13  ██████████ These witnesses will testify that ████████
14  ████████████████████████████████
15  ████████████████████████████████
16  ██████████████████ Because three of these exculpatory witnesses face
17  credible risks of retaliation and persecution as a result of providing testimony in this
18  matter, their identities cannot be disclosed to the public, and pseudonymous
19  testimony and limited courtroom closure are necessary.
20  **III.   LEGAL FRAMEWORK**
21      **A.    Witness protection orders are available through Rule**
22          **16(d)(1).**
23      Courts may implement witness-protection measures through narrowly tailored
24  orders under Rule 16(d)(1). The Rule authorizes a court, for good cause, to "deny,
25  restrict, or defer discovery or inspection, or grant other appropriate relief." "Other
26  appropriate relief" encompasses pseudonymous testimony when disclosure of a
27  witness's identity would pose a concrete risk of harm, provided protective measures
28

1  safeguard a defendant's fair-trial rights. *See United States v. Celis*, 608 F.3d 818,
2  829-36 (D.C. Cir. 2010).
3        Most precedent addresses the implications of pseudonymous witness
4  testimony and limited disclosure of witness information on the defendant's
5  Confrontation Clause rights because it is typically the government that seeks such
6  witness protections. When a defendant seeks to present pseudonymous witness
7  testimony and witness protection measures, these Confrontation Clause
8  considerations do not apply. Courts apply a balancing of cross-examination rights
9  and witness safety to defense witnesses who face credible risks of retaliation or
10 persecution. *See United States v. Ramos-Cruz*, 667 F.3d 487, 501-04 (4th Cir. 2012);
11 *see also United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (holding that
12 pseudonyms can be necessary to protect individuals from harassment, injury, or
13 ridicule).
14       Courts have approved pseudonyms or limited disclosure where credible threats
15 from criminal organizations or violent groups exist, coupled with measures to protect
16 the ability to cross-examine. *United States v. Celis*, 608 F.3d at 832-34 (affirming
17 the use of pseudonyms and staged disclosure under a protective order due to threats,
18 coupled with robust cross-examination and timely defense access to identities under
19 strict safeguards); *Ramos-Cruz*, 667 F.3d at 501-04 (approving pseudonymity
20 measures for witnesses targeted by MS-13 where the court balanced risks against
21 confrontation rights while ensuring meaningful cross-examination).
22       Protective orders restricting disclosure of witnesses' true identities to the court
23 and counsel of record and requiring public filings to use court-approved pseudonyms
24 or redaction, are commonly employed. *See, e.g., Celis*, 608 F.3d at 831-35
25 (approving staged disclosure to opposing counsel shortly before testimony with
26 limits on use and investigation; noting that protective orders require "a delicate
27 balancing of interests necessitated by extraordinary circumstances warranting
28 special measures to protect key witnesses"). Courts may conduct *in camera* review

if additional scrutiny is necessary. *United States v. Gonzalo-Beltran*, 915 F.2d 487, 489-90 (9th Cir. 1990) (endorsing in camera procedures to assess the necessity of withholding identifying information).

  **B.**  **Procedural rules cannot override the right to present a complete defense.**

  "[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal quotation omitted). The Supreme Court has established that a defendant's right to present a defense stems both from the right to due process provided by the Fifth and Fourteenth Amendments, *see Chambers v. Mississippi*, 410 U.S. 284, 294 (1973), and from the right "to have compulsory process for obtaining witnesses in his favor" provided by the Sixth Amendment. *See Washington v. Texas*, 388 U.S. 14, 23 (1967) (explaining that the right to compulsory process would be meaningless if the defendant lacked the right to use the witnesses whose presence he compelled); *Holmes v. South Carolina*, 547 U.S. 319, 324-26 (2006). Rules of evidence and procedure cannot be applied in a way that arbitrarily or disproportionately impedes the right to present a defense. *See Holmes*, 547 U.S. at 324-25.

  **C.**  **Access to the courts may cede to protect witness safety.**

  The First Amendment affords the public a qualified right of access to criminal proceedings. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 605-06 (1982). This right is not absolute. The right of access "may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information." *Waller v. Georgia*, 467 U.S. 39, 45 (1984); *see also United States v. Sherlock*, 962 F.2d 1349, 1356 (9th Cir. 1989).

  Any denial of access "in order to inhibit the disclosure of sensitive information ... must be ... necessitated by a compelling governmental interest, and

1  ... narrowly tailored to serve that interest." *Globe Newspaper*, 457 U.S. at 607. A
2  court may order closure if there is an overriding or compelling interest likely to be
3  prejudiced absent closure, and the closure is no broader than necessary to protect
4  that interest. *Waller*, 467 U.S. at 46.

5  **IV.   ARGUMENT**

6      **A.   Certain witnesses require pseudonymity in testifying to**
7          **protect identity disclosure beyond the court and the parties.**

8  The following three witnesses require the ability to provide pseudonymous
9  testimony.

10      **1.   Witness** ▮

11  ▮

12  ▮ (*See* Declaration of Moriah Radin (hereafter "Radin"), ¶ 4.) ▮

13  ▮. (*Id*.) ▮ fears retaliation and persecution ▮

14  ▮

15  ▮

16  ▮

17  ▮ (*Id*. at ¶¶ 8-9.)

18  ▮ fears of retaliation and retribution ▮

19  ▮

20  ▮

21  ▮

22  ▮

23  ▮ ▮ ▮ ▮ ▮ ▮

24  ▮

25  ▮

26  ▮

27  ▮

28  ▮

| | |
|---|---|
| 1 | █████████████████████████████████████ |
| 2 | █████████████████████████████ |
| 3 | ███████████████████████████████ |
| 4 | █████████████████████████████████████ |
| 5 | ████████████████ *Id.* at 28-29. ████████ |
| 6 | █████████████████████████████████████ |
| 7 | ██████████████████████ *Id.* at 29 ████ |
| 8 | █████████████████████████████████████ |
| 9 | █████████████████████████████████████ |
| 10 | ████████ |
| 11 | ███ also fears retaliation and persecution ████████ |
| 12 | █████████████████████████████████████ |
| 13 | ████████████████████████ (Dec. of Radin, ¶ 6.) |
| 14 | also fears for repercussions ████████████ |
| 15 | ████████████████████ |
| 16 | **2.** *Witness* ██ |
| 17 | █████████████████████████████████████ |
| 18 | █████████████████████████████████████ |
| 19 | ████ fears retaliation for ███ testimony. (Dec. of Radin, ¶¶ 10, 12-14.) |
| 20 | █████████████████████████████████████ |
| 21 | █████████████████████████████████████ |
| 22 | ████████ |
| 23 | **3.** *Witness* ██ |
| 24 | ██████████████████████████ |
| 25 | █████████████████████████████████████ |
| 26 | ████████ (Dec. of Radin, ¶ 15); ████████ |
| 27 | █████████████████████████████████████ |
| 28 | █████████████████████████████████████ |

6

MOTION FOR PSEUDONYMOUS TESTIMONY WITH RESTRICTED DISCLOSURE

1  ████████████████████████████████████████████████████
2  ████████ (*last visited* Jan. 22, 2026). ██████████████
3  ██████████████████████████████ (Dec. of Radin, ¶ 17.) ███ reasonably
4  believes that testimony on behalf of Mr. Alsheikh ████████████████
5  ████████████████████████████████████████████████████
6  ██████████████████████████ (*Id.* at ¶¶ 16, 17, 19.)
7      Amplifying this risk, ████████████████████████
8  ████████████████████████████████████████████████████
9  ████████████████████████ (*Id.* at ¶¶ 17-19.) ██████████
10 ████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████
25 ████████
26 ████████████
27 ████████████████████████████████████ (Dec. of Radin, ¶ 18.)
28 ████████████████████████████████████████████████████

1 ██████████████████████████████████████████
2 ██████████████████████████████████████████
3 ██████████████████████████████████████████
4 ██████████████████████████████████████████
5 ████████████████████████████████████ (*Id.* at
6 ¶ 18.)

### 4.  *Pseudonymous testimony is warranted here*

Based on the above proffer as to ████████████ the potential for violence and retribution should they testify publicly warrants permitting pseudonymous testimony. The risk of violence and retribution is particular to these three witnesses, ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████████ Given the government witnesses' prolific social media activity and inevitable press and social media attention to the trial, attention will be drawn to their testimony and identities, placing them in dire danger.

Because articulable threats of violence and retaliation based on ████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████ - good cause exists for narrowly tailored witness identity protection measures. *See Ramos-Cruz,* 667 F.3d at 501-04 (court granted witness identity protection for those facing threat from members of MS-13 based on both MS-13's violent reputation and articulable, specific threats). *See also, United States v. Palermo*, 410 F.2d 468, 472 (7th Cir. 1969) (*citing United States v. Varelli*, 407 F.2d 735 (7th Cir. 1969)) (when considering requests from the government to utilize witness identity protection, courts have observed that "where there is a threat to the

life of the witness, the right of the defendant to have the witness's true name, address, and place of employment is not absolute.").[1]

### B. The risk of violence to these same witnesses justifies a limited and narrow courtroom closure.

Here, there is an overriding and compelling interest in protecting these witnesses from credible threats of retaliation and physical harm. Courts find that protecting witnesses from harm is a legitimate basis for limiting public access to proceedings. *Brown v. Kuhlman*, 142 F.3d 529, 532 n.3 (2d Cir. 1998) (undercover detective who testified in closed courtroom due to safety concerns was permitted to testify using his badge number instead of his true name); *United States v. Alimehmeti,* 284 F.Supp.3d 477 (S.D.N.Y. 2018) (courtroom closure in terrorism trial for the entirety of the testimony of four undercover witnesses, testifying under pseudonyms was permissible);

As discussed *supra*, ████████████████████████████ ████████████████████████████ underscores the substantial probability of harm to these witnesses if their identities and testimony are publicly disclosed. Therefore, a closed courtroom for these three witnesses is necessary.

---

[1] *See also Clark v. Ricketts*, 958 F.2d 851, 855 (9th Cir.1991); *Siegfriedt v. Fair*, 982 F.2d 14, 18 (1st Cir. 1992); *United States v. Maso*, No. 07-10858, 2007 WL 3121986, *4 (11th Cir. Oct. 26, 2007) (per curiam) (unpublished) ("The district court did not violate [the defendant's] right to confront witnesses by allowing the [cooperating witness] to testify using a pseudonym."); *United States v. Neuner*, No. 4:12-CR-050-A, 2014 WL 4493631, at *2 (N.D. Tex. Sept. 11, 2014) (permitting an FBI UCE to testify under a pseudonym in a gun case); *United States v. Dumeisi*, Case No. 03-cr-664, Doc. 83 at 1 (N.D. Ill. Jan. 2, 2004) (permitting government witness to testify under a pseudonym and appear in light disguise, and prohibiting questioning about the witness's current or former address); *United States v. El-Mezain*, 664 F.3d 467, 492 (5th Cir. 2011) (finding a "serious and clear need to protect the true identities" of the two Israel Security Agency witnesses who testified by pseudonym); *United States v. Abu Ali*, 395 F. Supp. 2d 338, 344 (E.D. Va. 2005) (permitting use of pseudonyms by witnesses who testified during a pretrial Rule 15 deposition that was conducted via satellite real-time video from Saudi Arabia to the federal courthouse); *United States v. Calderon*, Case No 2:14-cr-103, Doc. 58 (C.D. Cal. April 23, 2015) (authorizing the complete withholding from the defense of identifying information as to multiple undercovers).

The requested closure is no broader than necessary to protect the witnesses. This case has received substantial public and media attention, which will intensify when trial begins. Prior proceedings, such as the bail hearings in this case, were reported on social media and news outlets broadly. The requested closure is narrowly tailored to just three witnesses, limited in scope and duration, and applies only to witnesses with substantial fear and credible threats of violence.

### C. Proposed framework to protect witnesses ▇▇▇▇ and ▇▇▇ and preserve Mr. Alsheikh's right to present a defense.

To ensure fairness and protection, the defense proposes procedures that protect the government's ability to investigate and cross-examine witnesses and Mr. Alsheikh's right to present a defense, while preventing public or broader dissemination that could endanger witnesses:

1. Witnesses ▇▇▇▇▇▇ may testify using court-approved pseudonyms without publicly disclosing their true identities.[2]
2. The true names and identifying details of witnesses ▇▇▇▇▇▇ will be disclosed to the Court and government at the commencement of trial but may not be disseminated further absent leave of the Court.
3. The government shall be prohibited from asking any questions seeking personal identifying information (including name, contact information, or date or place of birth) from witnesses ▇▇▇▇▇▇.
4. The courtroom will be closed to the public during any testimony or examination of witnesses ▇▇▇▇▇▇.
5. No public disclosure of any audio recording or similar reproduction of the voices or visual images of witnesses ▇▇▇▇▇▇ while testifying shall be permitted.

---

[2] Mr. Alsheikh will submit proposed pseudonyms closer in time to the trial.

1  6. All filings, exhibits, transcripts, and audiovisual recordings that would reveal
2  ███████████████'s true identity will be filed under seal or with appropriate
3  redactions. On the public docket, the parties will use court-approved
4  pseudonyms and omit any identifying information.

5  7. The jury will receive a limiting instruction explaining that the Court has
6  ordered a closed courtroom for witness-safety reasons and that jurors must not
7  draw any inference for or against any party from those measures.

8  8. Any intentional or negligent breach of the Court order may be addressed by
9  appropriate sanctions or any other remedies the Court deems just.

These proposed measures are narrowly tailored to address witness-safety concerns while preserving the adversarial process and have been used as a framework for other witness protective orders in the Ninth Circuit. *See United States v. Mohamed*, No. CR-19-02162-TUC-JGZ, 2024 WL 3595648 at *3-5 (D. Ariz. July 30, 2024) (allowing pseudonyms, prohibiting counsel from inquires that would reveal personally identifiable information, and prohibiting public disclosure, to be reasonable and necessary to protect identity and safety of witnesses).

The proposed restrictions allow the government to cross-examine without limitation and the jury to assess demeanor in real time while avoiding risks to witness safety. They also comport with Mr. Alsheikh's right to present a defense, allowing him to present critical exculpatory evidence without compromising witness safety.

## V.   CONCLUSION

Witnesses ███████████████ require pseudonymity and restricted disclosure of identifying information due to demonstrated safety risks based on ███████ ████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ These circumstances satisfy both the Rule 16(d)(1) good cause standard and the substantial compelling interest justifying courtroom closure.

1  Based on the foregoing, Mr. Alsheikh respectfully requests an Order permitting
2  pseudonymous live testimony for ████████████, restricted disclosure of their
3  true identities, and limited courtroom closure during their testimony, to alleviate
4  non-speculative concerns regarding their safety, consistent with the proposed
5  framework set forth above.

7  DATED: January 22, 2026

8  Respectfully submitted,

10  By: *Nina Marino*
11      NINA MARINO
        JENNIFER LIESER
12      MORIAH RADIN
13      COLLIN CATE
        Attorneys for Defendant
14      Samir Ousman Alsheikh