MORIAH RADIN, ESQ. (State Bar No. 260245)
NINA MARINO, ESQ. (State Bar No. 142815)
JENNIFER LIESER, ESQ. (State Bar No. 313707)
COLLIN CATE, ESQ. (State Bar No. 365876)
KAPLAN MARINO, PC
1546 N. Fairfax Ave.
Los Angeles, CA 90046
Tel: (310) 557-0007
Fax: (310) 861-1776
E-mail: radin@kaplanmarino.com
        marino@kaplanmarino.com
        lieser@kaplanmarino.com
        cate@kaplanmarino.com

Attorneys for Defendant
SAMIR OUSMAN ALSHEIKH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAMIR OUSMAN ALSHEIKH<br><br>　　　　　Defendant. | Case No. 24-CR-00483-HDV<br><br>**ALSHEIKH'S OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. #1 TO ADMIT CO-CONSPIRATOR STATEMENTS (DKT. 156); EXHIBIT**<br><br>Honorable Hernan D. Vera<br><br>Hearing Date: February 19, 2026<br>Trial Date: March 2, 2026 |

# OPPOSITION

## I. INTRODUCTION

The government seeks a blanket ruling admitting an undefined universe of alleged "co-conspirator statements" under Federal Rule of Evidence 801(d)(2)(E). (Dkt. 156.) The motion should be denied because the government has not met, and cannot meet, its burden to establish the foundational requirements for admission of co-conspirator statements. Notably, the government fails to identify a single declarant or coconspirator, and the motion fails on this foundational error alone. In addition, the government has not made the requisite showing for admissibility – to demonstrate by a preponderance of independent evidence that: (1) a conspiracy existed; (2) each declarant was a member of that conspiracy; (3) each statement was made during the conspiracy; and (4) each statement was made in furtherance of the conspiracy.

The government fails to provide the necessary independent evidence demonstrating the conspiracy existed and each declarant was a knowing member, and improperly attempts to bootstrap the statements themselves as proof of the conspiracy. In addition, the proffered statements, particularly those made to alleged victims, were not "in furtherance" of any conspiracy. Neither has the government established adequate foundation for the accuracy of translations or the reliability of hearsay-within-hearsay chains.

Finally, even if the statements were technically admissible under Rule 801(d)(2)(E), they should be excluded under Federal Rule of Evidence 403 because their minimal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury because of the unreliability of the evidence.

## II. LEGAL STANDARD

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it "is offered against an opposing party and . . . was made by the party's

coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The proponent of a co-conspirator statement must establish three foundational requirements by a preponderance of the evidence: (1) that there was a conspiracy; (2) that its members included the declarant and the party against whom the statement is offered; and (3) that the statement was made during the course of and in furtherance of the conspiracy. *United States v. Bowman,* 215 F.3d 951, 960-61 (9th Cir. 2000).

First, the court must find "independent proof of the existence of the conspiracy and of the connection of the declarant and the defendant to it." *United States v. Snow*, 521 F.2d 730, 733 (9th Cir.1975). Critically, the contents of the hearsay statement itself cannot be the sole basis for establishing these foundational facts. Fed. R. Evid. 801(d)(2); *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)). There must be independent evidence corroborating the hearsay statement. "[T]here must also be independent proof of the connection of the declarant and the defendant to the conspiracy." *United States v. Mouzin*, 785 F.2d 682, 692 (9th Cir. 1986) (internal quotation and citation omitted). "In order to corroborate or refute this status, the litigants must know the identity of the declarant." *Id.*

To be admissible, a statement by a co-conspirator must be made during and in furtherance of a conspiracy. Fed. R. Evid. 801(d)(2)(E). Statements that are mere narrative declarations of past events or casual admissions are not in furtherance of a conspiracy. *See United States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir. 1988) ("narrations of past events [are] inadmissible") (citations omitted).

### III.   ARGUMENT

#### A.   The government has failed to identify declarants or establish the foundational requirements of Rule 801.

The government's motion should be denied outright for the government's failure to identify the declarants of the purported coconspirator statements and thereby lay a proper foundation for admissibility under Rule 801(d)(2)(E). *Mouzin*,

785 F.2d at 692–93 ("Knowledge of the identity of the declarant is essential to a determination that the declarant is a conspirator whose statements are integral to the activities of the alleged conspiracy."); *United States v. Christopher*, 923 F.2d 1545, 1551 (11th Cir. 1991) (finding error where "it is unclear who made the statement at issue."). In *Christopher*, the Eleventh Circuit noted that such "uncertainty as to the identity of the declarant barely rises above the level of guesswork, and implicates the concerns which justify the general prohibition on hearsay evidence; namely, its lack of trustworthiness." *Id*. at 1551 (citation omitted). There is simply no way to determine a declarant's intent if the Court does not even know their identity. Such evidence fails to meet the foundational requirements in Rule 802(d)(2)(E) and violates Alsheikh's Sixth Amendment right to confront the witnesses against him.

Should this Court consider the government's motion despite this foundational flaw, it should deny the government's overbroad request seeking wholesale admission of an undefined category of statements. (Dkt. 156 at 5 n.1.) Federal Rule of Evidence 104 makes clear that the admissibility determination is for each declaration by an alleged coconspirator. Fed. R. Evid. 104. The government cannot meet its burden by offering vague categories of declarants and generalized theories of conspiracy without identifying specific statements, identifying each declarant, and proffering specific evidence establishing that the declarant was a member of the conspiracy and that the statement was made in furtherance of the conspiracy. This overbroad blanket request is improper and provides a second preliminary basis for denial of the government's motion.

Moreover, as set forth below, the government cannot meet the admissibility criteria under Rule 801(d)(2)(E), and the motion should be denied for this reason well.

**B.     The government has not proved the existence of a conspiracy by a preponderance of the evidence.**

The first step under Rule 801(d)(2)(E) requires the government to prove by a preponderance of evidence that a conspiracy existed. The elements of the charged torture conspiracy that the government must prove by a preponderance of the evidence before admission of co-conspirator statements are: (1) an agreement between two or more persons to commit acts, under the color of law, with the specific intent to inflict severe mental or physical pain and suffering upon other persons, within the conspirators' custody and control; and (2) Alsheikh and the declarant became a member of the conspiracy knowing at least one of its objects and intended to help accomplish it.[1] The issue here is not whether torture occurred at Adra Prison or whether Alsheikh allegedly ordered or participated in torture; the issue is whether Alsheikh allegedly conspired with at least one other person to commit torture. The government offers only its conclusions, not evidence, that Alsheikh conspired with others.

1. <u>The government has not proffered any "independent evidence" to establish the charged conspiracy existed.</u>

As the Ninth Circuit has held, "the government cannot rely solely on the coconspirator statements themselves." *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994). There must be independent evidence which establishes the connection between the accused and the conspiracy. *Id.*; *see also Bourjaily*, 483 U.S. at 175-76 ("a court may not rely solely upon the hearsay statements themselves in determining preliminary questions of admissibility.").

The government's motion relies primarily on its conclusive statements and arguments regarding the three identified statements and does not point to any

---

[1] There is no Ninth Circuit Model Jury Instruction for 18 U.S.C. § 2340A(c) and the parties are in the process of meeting and conferring regarding proposed jury instructions. Alsheikh reserves the right to further modify the proposed jury instruction for conspiracy to commit torture and does not, through this pleading, waive any future argument as to the appropriate instruction for the jury.

independent evidence to establish the conspiracy or the declarants' membership. Rather, the government reiterates the specific instances of alleged torture of witnesses K.M., K.A.M., and U.S., and the purported coconspirator statements it seeks to admit in the motion. (Dkt. 156 at 2-4). The remainder of the motion is statements of law, (*id.* at 4-7), conclusory statements, e.g., "the existence of a conspiracy is clear" (*id.* at 7); and repeated reliance on the three statements by K.M., K.A.M., and U.S. (*id.* at 8-9.).

The motion treats "prison officials and guards" as co-conspirators by virtue of employment and extends that assumption to unnamed "deputized" prisoners. (Dkt. 156 at 4.) Such an expansive understanding of coconspirators would render entire prisons liable for the acts of a rogue officer. Rule 801(d)(2)(E) requires proof—not labels—that each declarant was a knowing participant in a conspiracy with the defendant. *Bridgeforth*, 441 F.3d at 869. A hierarchical relationship or custodial role does not by itself establish a conspiratorial agreement or knowing participation. The government must prove an agreement to commit the charged offenses, and it must do so with evidence independent of the statements it seeks to admit. The government has failed to do so here.

There is no independent evidence that the unidentified prison guards'/officials'/deputized prisoners' conduct was based on a conspiracy with the specific intent to torture, not mere compliance with general institutional policies. This is especially true as to purported statements by "deputized" prisoners. In a carceral environment, coerced compliance, fear, and survival incentives are ubiquitous. The government cannot assume voluntary conspiratorial agreement to torture simply because a prisoner performed tasks for guards or repeated what guards said. Before such a declarant's statement is admitted for its truth, the government must demonstrate—through independent evidence—that the declarant knowingly joined the alleged agreement and spoke to advance it.

To admit alleged coconspirator statements on minimal or no independent evidence would allow the government to bypass the Rule 801(d)(2)(E) requirements. *Silverman*, 861 F.2d at 577 (noting that without independent evidence, "all such statements" would be "self-validating" and eliminate one of the few safeguards of reliability.)

### 2. The alleged coconspirator statements do not evince a conspiracy or support each declarants' membership.

The government identifies three exemplar statements in its Motion. (*See* Ex. A.) Even if this Court could rely solely on this evidence to establish the charged conspiracy – which it cannot – these statements do not establish a conspiracy by a preponderance of the evidence. The government does not identify a single declarant, nor provide the date on which the alleged statements were made, the location, or any details about how the alleged conspiracy operated. The government appears to assume that its conclusory statements are sufficient to carry its burden and for the Court to meaningfully exercise its gatekeeping function under Rule 104. This is error.

Rule 801(d)(2)(E) also requires the government to prove by a preponderance that Alsheikh was a member of the charged conspiracy, and that the declarant of the proffered statement was also a member of the conspiracy. The statements themselves may be considered as evidence of these elements, but the government must also prove membership with evidence independent of the statements, as set forth above. The government must adduce such evidence with respect to each alleged co-conspirator. *See United States v. Evans*, 970 F.2d 663, 673 (10th Cir. 1992) ("It is essential to determine what kind of agreement or understanding existed as to each defendant.") (cleaned up). Prison hierarchy does not establish a knowing participating in a conspiracy with the specific intent to commit torture and it does not satisfy the Court's Rule 104(a) obligation to find membership by a preponderance as to each declarant.

### 3. The proffered coconspirator statements were not made "in furtherance" of the conspiracy

Even if the government could establish a conspiracy and declarant membership through independent evidence and consideration of the hearsay statements, the three exemplar statements fail the "in furtherance" requirement. Examples of statements made "in furtherance" include "statements made to induce enlistment or further participation in the group's activities; statements made to prompt further action on the part of conspirators; statements made to reassure members of a conspiracy's continued existence; statements made to allay a co-conspirator's fears; and statements made to keep co-conspirators abreast of an ongoing conspiracy's activities." *United States v. Nazemian*, 948 F.2d 522, 529 (9th Cir. 1991). In contrast, courts have consistently held that statements explaining why something happened, or who ordered it, are not in furtherance of the conspiracy. *See, e.g., United States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir. 1988) ("narrations of past events [are] inadmissible") (citations omitted).

The government's motion includes three statements. (*See* Ex. A.) Statement 1, between two guards, that they needed to speak to "Al Ameed" does not demonstrate it was in furtherance. Moreover, a statement to a person who cannot assist the conspiracy, alleged victim N.S., is not "in furtherance" merely because it was made contemporaneously with the alleged conspiratorial acts. *United States v. Eubanks*, 591 F.2d 513, 521 (9th Cir. 1979) ("Yet Baca's participation in the conspiracy did not convert Gonzales' statements to her into declarations in furtherance of the conspiracy. [For example,] Gonzales told Baca that they were going to Phoenix together to pick up some heroin from Leroy. [] There is no indication in the record that these statements were any more than conversations between conspirators that did nothing to advance the aims of the alleged conspiracy.").

Statement 2, an alleged statement by a prison guard that witness K.A.M. was sent to Wing 13 by "Al Ameed" for punishment, does not advance a conspiratorial objective. *See Yarbrough*, 852 F.2d at 1535. The witness is not a participant, and the declarant could not have believed that such a statement would induce participation in the conspiracy or further it.

Finally, Statement 3 is an eavesdropped conversation by U.S. of unidentified "prison officials" discussing "torture" without any further context; the government provides no dates, no identified speakers, and no link to operational decision-making. This conversation also cannot be construed as "in furtherance" of the charged conspiracy. *Yarbrough*, 852 F.2d at 153 ("Mere conversations between coconspirators, or merely narrative declarations among them, are not made "in furtherance" of a conspiracy."). Nor can the Court analyze the declarants' intent because the declarants are not identified. *See United States v. Williams*, 989 F.2d 1061, 1068 (9th Cir. 1993) ("In determining whether a statement is made in furtherance [], the court looks to the declarant's intent in making the statement.") (cleaned up).

The motion contains no analysis of how each statement furthered the alleged conspiracy, as opposed to serving some other purpose (e.g., personal animus, individual sadism, or routine prison operations).

### C. The government has not adequately established declarant identity, accurate translation, and hearsay-within-hearsay exceptions.

The government's motion raises serious foundational issues that cannot be resolved through a blanket ruling. First, as set forth above, the alleged statements were made by unidentified guards or officials. The government refers to statements by "a guard" or "prison officials" without identifying the specific declarant. Rule 801(d)(2)(E) requires proof that the declarant was a member of the conspiracy.

1  Without knowing who made the statement, the government cannot meet this burden
2  and Alsheikh does not have sufficient notice to meaningfully respond.

3      Second, the government seeks to admit statements allegedly made by "Al
4  Ameed" – Arabic for "the Colonel" or "the General." The government assumes that
5  "Al Ameed" refers to Alsheikh. But this assumption requires proof. The government
6  must establish that: (1) the declarant actually used the term "Al Ameed"; (2) the term
7  was accurately translated; (3) the term referred to Alsheikh specifically, rather than
8  to another official or to a generic authority figure; and (4) the witness accurately
9  heard and remembered the statement. These are factual questions that require
10 witness-by-witness, statement-by-statement adjudication. They cannot be resolved
11 through a blanket ruling.

12     Third, the proffered statements involve multiple layers of hearsay. For
13 example, the government proposes that K.A.M. will testify that a guard said that "Al
14 Ameed" ordered torture. This involves at least two levels of hearsay: (1) the guard's
15 statement to the victim; and (2) "Al Ameed's" alleged statement to the guard. Each
16 level must satisfy a hearsay exception. The government's motion does not identify
17 the guard, who will presumably not testify, and does not address how it can prove
18 that "Al-Ameed" actually made any such statement to an unidentified and absent
19 guard. If the guard is unavailable to testify, the government cannot establish the
20 foundation for the second-level statement, and it cannot be offered for the truth.

21     Fourth, the government has not addressed translation issues. The alleged
22 statements were made in Arabic and must be translated into English for the jury.
23 Translation is not a mechanical process; it involves interpretation and judgment. The
24 government must establish that the translations are accurate and that any ambiguities
25 or alternative meanings have been fairly presented. This cannot be resolved through
26 a blanket ruling on the minimal proffer made in the government's motion.

27
28

**D.    The proffered statements should be excluded under Rule 403**

This is not the typical case in which a member of a conspiracy, even if uncharged, testifies as to statements made by their own coconspirators, and the jury, in determining what weight to give such statements, may assess the credibility, reliability, and veracity of the witness conspirator. Here, the government has provided no identifying information for the purported declarants. On this basis, the Court should deny the motion because the evidence is unreliable. *Silverman*, 861 F.2d at 578 ("In determining whether the proponent has made a showing sufficient to permit the introduction into evidence of the co-conspirator's statement, the district court must bear in mind that out-of-court statements are presumptively unreliable.").

In addition, the proffered statements are highly inflammatory. They describe acts of torture and attribute those acts to Alsheikh. The danger of unfair prejudice is obvious: the declarants will not be subject to cross-examination, and the defense will have no opportunity to test their accuracy, bias, or motivation. The jury will hear multiple witnesses testify that "Al Ameed" ordered their torture, creating a powerful but unreliable impression of guilt. The government can prove the same facts through direct evidence: the victims can testify about what happened to them, the government can present documentary evidence and expert testimony about conditions at Adra Prison, and the government may make its arguments about forms of liability to the jury. The co-conspirator statements add little beyond the unproveable, highly inflammatory assertion that Alsheikh personally ordered each act. But this assertion is unreliable hearsay, filtered through multiple layers of translation, memory, and interpretation.

**IV.    CONCLUSION**

For the foregoing reasons, Alsheikh respectfully requests that the Court deny the government's motion in limine.

//

//

1  DATED: February 9, 2026            Respectfully submitted,

2

3                                     By:  _____/s/_____
4                                          MORIAH RADIN
                                           NINA MARINO
5                                          JENNIFER LIESER
                                           COLLIN CATE
6                                          Attorneys for Defendant
7                                          Samir Ousman Alsheikh

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28