JENNIFER LIESER, ESQ. (State Bar No. 313707)
NINA MARINO, ESQ. (State Bar No. 142815)
MORIAH RADIN, ESQ. (State Bar No. 260245)
COLLIN CATE, ESQ. (State Bar No. 365876)
KAPLAN MARINO, PC
1546 N. Fairfax Ave.
Los Angeles, CA 90046
Tel: (310) 557-0007
Fax: (310) 861-1776
E-mail: lieser@kaplanmarino.com
        marino@kaplanmarino.com
        radin@kaplanmarino.com
        cate@kaplanmarino.com

Attorneys for Defendant
SAMIR OUSMAN ALSHEIKH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SAMIR OUSMAN ALSHEIKH <br><br> Defendant. | Case No. 24-CR-00483-HDV <br><br> **OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE #3 TO PRECLUDE IMPEACHMENT OF NON-TESTIFYING WITNESSES OR TO OTHERWISE INTRODUCE IRRELEVANT, INADMISSIBLE EVIDENCE THROUGH CROSS-EXAMINATION OF GOVERNMENT WITNESSES OR DIRECT EXAMINATION OF DEFENSE WITNESSES (DKT. 158)** <br><br> Honorable Hernan D. Vera <br><br> Hearing Date: February 19, 2026 <br> Trial Date: March 2, 2026 |

# OPPOSITION

## I.  INTRODUCTION

Defendant Samir Ousman Alsheikh respectfully submits this Opposition to the Government's Motion in Limine ("MIL") #3 to Preclude Impeachment of Non-Testifying Witnesses or to Otherwise Introduce Irrelevant, Inadmissible Evidence Through Cross-Examination of Government Witnesses or Direct Examination of Defense Witnesses. (Dkt. 158.)

The government's motion seeks a broad, preemptive ruling that would unduly restrict defense counsel's ability to conduct meaningful cross-examination of government witnesses. Although styled as an effort to preclude impeachment of non-testifying witnesses, the motion would, in effect, bar legitimate inquiry into the bias, coordination, and motivations of the witnesses who will testify against Alsheikh. Accordingly, the motion should be denied.

Defense counsel understands the limits of proper cross-examination and impeachment under the Federal Rules of Evidence and the Sixth Amendment, including the distinction between permissible inquiry into a witness's bias, motive, and credibility and impermissible attempts to introduce irrelevant or inadmissible evidence. This opposition does not seek license for improper trial tactics; it defends the constitutional right to effective cross-examination, a cornerstone of a fair trial.

## II.  ARGUMENT

The government characterizes all potential impeachment of non-testifying individuals as irrelevant, but the defense has a constitutional right to present a complete defense, including inquiry into bias. Where testifying government witnesses rely on information from non-testifying individuals to form opinions or take actions relevant to the case, the reliability of those sources is directly relevant to assessing the witness's credibility and the foundation for the testimony. Rule 611(b) explicitly permits inquiry into "matters affecting the witness's credibility." Fed. R. Evid. 611(b).

While trial courts retain discretion to impose reasonable limits on cross-examination, such discretion must be exercised consistent with the defendant's constitutional rights. U.S. Const. amend. VI; *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 316 (1974). Of particular importance, the Supreme Court has "recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Van Arsdall*, 475 U.S. at 678–79 (citations omitted); *see also United States v. Mohamed*, 410 F. Supp. 2d 913, 915–16 (S.D. Cal. 2005) (same). The partiality of a witness is "always relevant as discrediting the witness and affecting the weight of his testimony," including inquiry into "biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." *Davis*, 415 U.S. at 316 (citations omitted).

The government's request for a blanket prohibition on inquiry into potential coordination or influence among witnesses goes far beyond any reasonable limitation by impermissibly restricting this constitutionally guaranteed inquiry and would deprive the jury of information essential to assessing witness credibility.

The government further mischaracterizes the nature of legitimate cross-examination by asserting that the defense intends to "impeach" non-testifying individuals and organizations. The defense would not be seeking to formally impeach non-testifying witnesses under Rules 608 and 609, but rather to explore whether the government's case is built on unreliable or uncredible information. When a government witness bases their testimony on information provided by non-testifying sources, or when a witness's account may have been influenced by contact with third parties or organizations, the reliability of those sources and the nature of that contact become directly relevant to evaluating the testifying witness's credibility.

1  For example, if witness K.A.M. communicated with other alleged victims or was in contact with organizations before providing statements to law enforcement or testimony, the defense has a legitimate interest in exploring whether K.A.M.'s account was influenced or coordinated with others. Such inquiry is not an attack on non-testifying parties; it is an examination of the testifying witness's own bias, memory, and motivation. As courts have recognized, "the court should avoid any blanket prohibition on exploration of an area that is central to an assessment of the witness's reliability." *United States v. Maldonado-Rivera*, 922 F.2d 934, 955 (2d Cir. 1990).

Finally, the government argues that the defense should not be permitted to introduce statements from non-testifying individuals by reading statements aloud during cross-examination and asking if witnesses are aware of them, characterizing this as an attempt to impermissibly introduce hearsay. But not all questions about statements made by non-testifying individuals constitute improper hearsay. If such statements were known to testifying witnesses and influenced their perceptions, actions, or testimony, questioning about awareness of these statements would be proper to explore bias or motivation. Additionally, some statements may qualify under hearsay exceptions like state of mind or prior inconsistent statements.

Issuing a blanket prohibition before the nature and scope of the government's direct examination is known sweeps too broadly and risks infringing on Alsheikh's Sixth Amendment rights. The proper course is to address specific objections as they arise at trial, not to issue a preemptive ruling that may unconstitutionally constrain legitimate cross-examination.

### III. CONCLUSION

For the foregoing reasons, Alsheikh respectfully requests that the Court deny the Government's Motion in Limine #3.

//

//

| | |
|---|---|
| Dated: February 9, 2026 | Respectfully submitted, |
| | By: \_\_\_\_\_/s/_____ |
| | JENNIFER LIESER |
| | NINA MARINO |
| | MORIAH RADIN |
| | COLLIN CATE |
| | Attorneys for Defendant |
| | Samir Ousman Alsheikh |