JENNIFER LIESER, ESQ. (State Bar No. 313707)
NINA MARINO, ESQ. (State Bar No. 142815)
MORIAH RADIN, ESQ. (State Bar No. 260245)
COLLIN CATE, ESQ. (State Bar No. 365876)
KAPLAN MARINO, PC
1546 N. Fairfax Ave.
Los Angeles, CA 90046
Tel: (310) 557-0007
Fax: (310) 861-1776
E-mail: lieser@kaplanmarino.com
       marino@kaplanmarino.com
       radin@kaplanmarino.com
       cate@kaplanmarino.com

Attorneys for Defendant
SAMIR OUSMAN ALSHEIKH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMIR OUSMAN ALSHEIKH<br><br>　　　　　Defendant. | Case No. 24-CR-00483-HDV<br><br>**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE #6 TO EXCLUDE ADMISSION OF EVIDENCE OF BAD ACTS OF GOVERNMENT WITNESSES (DKT. 161)**<br><br>Honorable Hernan D. Vera<br><br>Hearing Date: February 19, 2026<br>Trial Date: March 2, 2026 |

**OPPOSITION**

## I. INTRODUCTION

Defendant Samir Ousman Alsheikh respectfully submits this Opposition to the Government's Motion in Limine ("MIL") #6 to Exclude Admission of Evidence of Bad Acts of Government Witnesses. (Dkt. 161.) The defense does not seek to introduce evidence of Syrian criminal convictions and arrests ("Syrian criminal records") to attack witness credibility under Federal Rule of Evidence 609. Rather, the defense may use these records as Rule 613(b) evidence to impeach government witnesses/alleged victims who make false or inconsistent statements about their own arrests and criminal histories.[1]

## II. ARGUMENT

The government argues that the Syrian records are inadmissible because: (1) some reflect only arrests, not convictions; (2) none involve crimes of dishonesty; and (3) most are more than ten years old. (Dkt. 161 at 3-4.)

First, these arguments all presuppose that the defense seeks to introduce the records under Rule 609. In effect, the government attempts to bootstrap Rule 609's limitations onto an entirely different form of impeachment, one governed by Rule 613 and the defendant's constitutional right to confront witnesses. When a witness/alleged victim affirmatively testifies about their criminal history and that testimony is false, the opposing party may introduce extrinsic evidence to contradict that testimony. *See* Fed. R. Evid. § 613(b). This principle applies regardless of whether the underlying offense involved dishonesty or when it

---

[1] As to authenticity and admissibility, the defense intends to produce an 18 U.S.C. § 3505 complaint copy of these and other records once available. *United States v. Jawara*, 474 F.3d 565, 584 (9th Cir. 2007) ("Pursuant to § 3505, [i]n a criminal proceeding, a foreign record of regularly conducted activity, or a copy of such record, shall not be excluded as evidence by the hearsay rule if a foreign certification attests to the requirements set forth in § 3505(a)(1)(A)-(D). A foreign certification under this section also serves to authenticate the foreign records, and thus dispenses with the necessity of calling a live witness to establish authenticity.") (cleaned up) (citations omitted).

occurred. The issue is not the nature of the crime but the truthfulness of the witness's/alleged victim's testimony about it.

Second, although not required for admission under Rule 613, several of the listed offenses in the Syrian criminal records, particularly customs violations, very well *could* involve dishonesty or false statements. As the government is well aware, customs violations typically involve false declarations or misrepresentations to government authorities, directly implicating the witnesses' credibility and truthfulness.

Third, although again not required for admission under Rule 613, the defense notes that the allegations in this case are 20 years old. Naturally, relevant conviction and arrest histories for the government's witnesses/alleged victims will comparably be at least that old as well.

There are a number of avenues by which the Syrian criminal records may be admissible separate and apart from Rule 609. To the extent the Court has concerns about specific uses of specific records, those issues can be addressed at trial through appropriate objections and rulings. But a blanket prohibition on the use of these records would deprive Alsheikh of his constitutional right to present a defense.

### III.   CONCLUSION

For the foregoing reasons, Alsheikh respectfully requests that the Court deny the Government's Motion in Limine #6.

//
//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | Dated: February 9, 2026 | Respectfully submitted, |
| 2 | | |
| 3 | | By: \_\_\_\_\_/s/_____ |
| 4 | | JENNIFER LIESER |
| | | NINA MARINO |
| 5 | | MORIAH RADIN |
| | | COLLIN CATE |
| 6 | | Attorneys for Defendant |
| 7 | | Samir Ousman Alsheikh |